# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **BRENDA BAMBURG,** | § | |
| **BOB BREWER, and** | § | |
| **RUDY WRIGHT** | § | |
|     *Plaintiffs*, | § | |
| | § | |
|     **vs.** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | **6:25-cv-179** |
| **NEAL FRANKLIN,** | § | |
|     **In his personal and official capacity,** | § | |
| **SMITH COUNTY, TEXAS,** | § | |
| **MATTHEW LAZARINE,** | § | |
|     **In his personal and official capacity,** | § | |
|     **and** | § | |
| **LARRY R. SMITH,** | § | |
|     **In his personal, supervisory, and** | § | |
|     **official capacity, and** | § | |
|     *Defendants.* | § | |

---

## **COMPLAINT**

---

Plaintiffs Brenda Bamburg (hereinafter "Ms. Bamburg"), Bob Brewer (hereinafter "Mr. Brewer"), and Rudy Wright (hereinafter "Mr. Wright"), by through counsel CJ Grisham, brings this Complaint against Defendants Smith County, Texas (herein referred to as "the County"**);** County Judge Neal Franklin (herein referred to as "Defendant Franklin"), in his personal and official capacities;

and Sheriff Larry R. Smith (herein referred to as "Defendant Smith"), in his personal, supervisory, and official capacities, and in support thereof alleges the following upon information and belief:

## INTRODUCTION

*"Without freedom of thought there can be no such thing as wisdom; and no such thing as public liberty, without freedom of speech."*
**Benjamin Franklin, The Real Benjamin Franklin (ed. 1982)**

*"Freedom of speech is a principal pillar of a free government: When this support is taken away, the constitution of a free society is dissolved."*
**Benjamin Franklin in The Pennsylvania Gazette.**

In 1985, Dr. David Ellsworth published a book called "Smith County Justice."  The book, which exposes corruption in the criminal legal system of Smith County, Texas, was withdrawn by the publisher and removed from all bookstores shortly after publication due to pressure from the authorities exposed in the book.  In the book, Dr. Ellsworth notes that "To what lengths law enforcement will go to gain an arrest is often equal to the extremes taken by district attorneys to gain a conviction."[1]  Now, 40 years later, the same patterns outlined in the book have reared their ugly heads with the elections of Judge Neal Franklin and Sheriff Larry R. Smith.  Smith County has engaged in all-out war against citizens' free speech, using every tool at its disposal, included fictitious criminal charges, to go

---

[1] Ellsworth, David. *Smith County Justice*, Discovery Press, New York, New York, 1985, p. xii.

after its critics.  This lawsuit is initiated to stop the corruption and abuse and authority before another book is written and to seek redress for Plaintiffs and the rest of the citizenry in Smith County who are too afraid to challenge their County Government in an open meeting.

Plaintiffs are collectively concerned citizens that are regularly engaged in the affairs of their government.  They frequently attend City Council meetings and County Commission meetings to express their views on various topics. Unfortunately, they are also frequently silenced by those empowered to govern through representation and with the consent of the people.

Defendants believe that they can usurp and undermine what the Legislature has determined to be the law of the land by undermining and outright refusing to enforce the laws the Legislature has passed and the Governor has signed into law regarding how open meetings are to be conducted.

Defendant County has a "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," of not adequately training or hiring its Officers which "inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978).  The County's policy of prohibiting law-abiding citizens from criticizing public officials or seeking redress of their grievances to their elected and selected public officials in accordance with

the First Amendment is a prior restraint on those rights that creates a chilling effect in Smith County.

Plaintiffs have a right to attend Smith County Commissioner Court meetings and conduct county business without being threatened with arrest when they are complying with applicable laws.

Plaintiffs have a right to be free from illegal searches and seizures and retaliation for exercising his rights.

This action is a civil rights action under the First Amendment of the United States Constitution, Article I, Sections 8 & 27 of the Texas Constitution, and 42 U.S.C. §§ 1983 and 1985, challenging Defendants' actions and conduct that restricts Plaintiff's rights.

## JURISDICTION AND VENUE

1.  This action arises under the Constitution and laws of the United States of America.

2.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff's claims for damages are authorized by 42 U.S.C. §§ 1983 and 1985.

4.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in Smith County, Texas.

**PLAINTIFFS**

5.   Ms. Bamburg is a citizen of Smith County.

6.   Ms. Bamburg has a substantial interest in being free of harassment, retaliation, official oppression, violation of her civil rights, conspiracy to violate rights, and abuse of authority under color of law.

7.   Mr. Brewer is a citizen of Smith County.

8.   Mr. Brewer has a substantial interest in being free of harassment, retaliation, official oppression, violation of his civil rights, conspiracy to violate rights, and abuse of authority under color of law.

9.   Mr. Wright is a citizen of Smith County.

10.  Mr. Wright has a substantial interest in being free of harassment, retaliation, official oppression, violation of his civil rights, conspiracy to violate rights, and abuse of authority under color of law.

**DEFENDANTS**

11.  Defendants, collectively, are government officials and entities.

12.  Defendants operate in their official and personal capacities in Smith County, Texas.

13.  Defendant Smith County ("the County") is a political subdivision organized under the authority of the Texas Constitution, Article IX, Section 1.

14.  Defendant Neal Franklin ("Defendant Franklin") is the County Judge and senior policy maker of the County, and is being sued in his personal and official capacities.

15.  Defendant Larry R. Smith ("Defendant Smith") is the County Sheriff and senior policy maker of the Smith County Sheriffs Office, and is being sued in his personal, supervisory, and official capacities.

16.  Defendant Matthew Lazarine ("Defendant Lazarine") is a Lieutenant in the Smith County Sheriffs Office, and being sued in his personal and official capacities.

17.  Defendants, as government officials and entities, are bound to the United States and Texas Constitutions.

18.  At all times relevant herein, Defendants acted in their personal and official capacities within Smith County, Texas.

19.  Defendants, as government officials and entities, are not permitted to engage in actions that violate the United States and Texas Constitutions.

## STATEMENT OF FACTS

20.  Plaintiffs are residents of Smith County, Texas, who regularly attend Smith County Commissioners Court meetings to speak on matters of public concern.

21. Texas law requires Defendants to "allow each member of the public who desires to address the body regarding an item on an agenda for an open meeting of the body to address the body regarding the item at the meeting before or during the body's consideration of the item."[2]

22. The Open Meetings Act specifically places Defendants on notice that "A governmental body may not prohibit public criticism of the governmental body, including criticism of any act, omission, policy, procedure, program, or service. This subsection does not apply to public criticism that is otherwise prohibited by law."[3]

23. While Texas law requires Defendants to allow citizens to speak on agenda items, it also does not convey permission to them to prohibit citizens from speaking on non-agenda items.[4]

24. Texas law specifically allows citizens to speak on "non-agenda items" and explains the only recourse that government bodies have with such speech is raised during an open meeting.[5]

---

[2] Tex. Govt. Code § 552.007(b).
[3] Tex. Govt. Code § 552.007(e).
[4] Tex. Govt. Code § 552.042: Sec. 551.042.  INQUIRY MADE AT MEETING.
　　　(a)  If, at a meeting of a governmental body, a member of the public or of the governmental body inquires about a subject for which notice has not been given as required by this subchapter, the notice provisions of this subchapter do not apply to:
　　　　　　(1)  a statement of specific factual information given in response to the inquiry;  or
　　　　　　(2)  a recitation of existing policy in response to the inquiry.
　　　(b)  Any deliberation of or decision about the subject of the inquiry shall be limited to a proposal to place the subject on the agenda for a subsequent meeting.
[5] Id.

25.  The right to and legality of speaking on "non-agenda items" has long been recognized in Texas.[6]

26.  The County has a policy that includes a section titled "Public Comments" be added to each agenda and allows citizens to speak either before the specific agenda is discussed or when the item is brought up for discussion.[7]

27.  The County specifically states that citizen who have a "desire to request a matter on a future agenda, … may make the request to a member of Commissioners Court."

28.  As the Tex. Att'y Gen. has noted, "Unlike such briefings and presentations for which a governmental body may post specific notice of the particular subject matter, public comment sessions pose notable difficulties in predicting the subject matter of citizen comments and questions. We cannot expect a governmental body to divine or foresee the myriad of matters its constituents wish to bring to its attention. Rather, public comment sessions

---

[6] *Swank v. Sharp*, 358 S.W.2d 950, 951 (Tex. Civ. App.-Dallas 1962, no writ)("[R]ules of the Council shall provide that citizens…shall have a reasonable opportunity to be heard.")(citation omitted); *See also* Tex. Att'y Gen. Op. No. JC-0169 (2000).

[7] The following notice is provided on each agenda next to the section titled "PUBLIC COMMENTS":  "Members of the public who have previously filled out a participation form have an opportunity to address the Commissioners Court on agenda items. The Court is unable to deliberate on non-agenda items. If you desire to request a matter on a future agenda, you may make the request to a member of Commissioners Court. Individual comments are limited to a maximum of three (3) minutes. If you wish to address the Court, obtain a public participation form at the Commissioners Court entryway and submit the completed form to a staff member before the meeting begins. Please be mindful of the Commissioners Court Rules of Procedure, Conduct and Decorum when making your comments and/or attending public meetings." Deliberation is defined as "the act of carefully considering issues and options before making a decision or taking some action," and doesn't include the introduction of a topic that where there is no consideration by the government body. See Garner, Bryan A., ed., Black's Law Dictionary, 7th Abridged Edition, West Group, 2000.

provide an opportunity for citizens to speak their minds on an *unlimited variety of subjects. They furnish an outlet for real and imagined grievances.*"[8]

29.  However, whenever Plaintiffs attempt to bring up issues that Defendant Franklin independently considers not to be on the agenda or happen to be critical of, rather than enforcing the policy, he simply silences his critics so that their criticism is hidden from the public view.

30.  When Plaintiffs express speech that is critical "of the governmental body, including criticism of any act, omission, policy, procedure, program, or service," Defendants work together to not only silence such criticism in violation of the law and Defendants' and others' rights, but conspire to arrest them on made up and fictitious charges.[9]

31.  On May 16, 2023, Mr. Brewer attempted to speak during public comments to discuss "Mental Health Awareness Month" and "James Madison Day" in Smith County.[10]

---

[8] Tex. Att'y Gen. Op. No. JC-0169 (2000).
[9] Tex. Gov't. Code § 551.007(e): "A governmental body may not prohibit public criticism of the governmental body, including criticism of any act, omission, policy, procedure, program, or service. This subsection does not apply to public criticism that is otherwise prohibited by law."
[10] See Smith County Commissioner Court Meeting, May 16, 2023, beginning at 00:03:15, https://media.avcaptureall.cloud/meeting/8888f315-b16a-421c-ab8d-6f1ab2b2eeb9

32.  Mr. Brewer began his comments on agenda item 2, speaking about bringing the Bible back into the schools if we want to solve mental health.  He then spoke about the Founding Fathers donating Bibles to schools.

33.  When Mr. Brewer started speaking on agenda item #3, "James Madison Day," Defendant Franklin cut him off when he asked to have something added to the agenda for a future meeting regarding the James Madison of Founding Father Day.  Defendant Franklin doesn't like talking about the Founding Fathers because his rule is antithetical to the form of government they created.

34.  On June 20, 2023, Mr. Brewer spoke at Commissioners Court on agenda item 1 relating to a grant application to the Texas Judicial Commission on Mental Health.  He spoke again about the Bible being in our schools being the solution to the County's mental health problems.

35.  Defendant Franklin cut off Mr. Brewer nearly halfway through his three minutes because Defendant Franklin didn't like how he was expressing his opposition to the agenda item.  Mr. Brewer tried to explain that his speech was relevant because it would negate the need to apply for grants.  Defendant Franklin cut him off anyway.[11]

---

[11] See Smith County Commissioner Court Meeting, June 20, 2023, beginning at 00:03:55, https://media.avcaptureall.cloud/meeting/50d5cb1b-9401-49b8-8654-5a3f05b21897

36.  On January 19, 2024, Ms. Bamburg attended the Commissioners Court meeting and complained about the fact that the people have no say in what is posted on the agenda and that Defendant Franklin frequently cuts off people who he independently deems is not "on agenda."

37.  Defendant Franklin told Ms. Bamburg that the people don't get to have a say in what to speak about and must speak only about what is on the agenda.

38.  On January 23, 2024, Mr. Wright attended the Commissioners Court meeting to speak about how money is spent in the County.  Mr. Wright began quoting the Open Meetings Act, specifically Section 551.042, which allows citizens to speak on non-agenda items.  Defendant Franklin cut him off within one minute.[12]  When Mr. Wright tried to again reiterate state law regarding his right to seek redress, Defendant Lazarine forced him to stop speaking under threat of arrest.

39.  On January 30, 2024, Mr. Wright attended the Commissioners Court meeting to speak about agenda item 9 to take necessary action to approve the FY 2023 Federal Equitable Sharing Certification and Report for the Smith County Sheriff's Office.  He asked a question about the agenda item and then brought up that he wanted to request to have something placed on the

---

[12] See Smith County Commissioner Court Meeting, January 23, 2024, beginning at 00:02:30, https://media.avcaptureall.cloud/meeting/aa049aee-66d0-44bd-aa71-c449ad7e3da6

agenda.  However, Defendant Franklin told him he had no right to speak at the meeting and must beg his commissioner for permission to put something on the agenda, even though state law states otherwise.  Defendant Franklin refused to allow Mr. Wright to speak on anything Defendant Franklin independently considers not to be on the agenda.

40.  On February 27, 2024, Ms. Bamburg attended the County Commissioners meeting to speak on agenda item 10 to consider and take necessary action to approve and/or ratify payment of accounts, bills, payroll, transfer of funds, amendments, and health claims.  She spoke about the mental health of inmates.  Defendant Franklin cut her off and refused to allow her to speak on the agenda item because Defendant Franklin unilaterally determined that Ms. Bamburg was not on agenda and accused her of "playing a game."[13]

41.  At the same meeting, Mr. Wright was called to speak and began questioning the training that the Commissioners Court received on the Open Meetings Act.  Defendant Franklin cut him off and denied his time to speak.[14]

---

[13] See Smith County Commissioner Court Meeting, February 27, 2024, beginning at 00:03:50, https://media.avcaptureall.cloud/meeting/3a3cdeb0-261e-46f7-a1b3-39909adda7e0
[14] Id. at 00:06:47.

42. When Mr. Wright tried to again reiterate state law regarding his right to seek redress, Defendant Lazarine forced him to stop speaking under threat of arrest.

43. On March 5, 2024, Mr. Brewer attended the County Commissioners meeting and was called to speak on agenda item 2, "consider and approve the interlocal agreement for conducting elections between."[15]  As Mr. Brewer discussed training on elections that he considered Defendant Franklin cut him off within one minute of his speech after independently determining that Mr. Brewer was not on the agenda.  Mr. Brewer was denied his full three minutes because of the interruption and unable to complete his remarks.

44. During the same meeting, Ms. Bamburg was called to speak and spoke on mental health issues in the jail under agenda item 8.  She was only given time to speak on one topic before Defendant Franklin cut her off.[16]

45. On April 16, 2024, Ms. Bamburg attended the County Commissioners meeting to speak on agenda item 4 to again speak on health issues in the

---

[15] See Smith County Commissioner Court Meeting, February 27, 2024, beginning at 00:05:40, https://media.avcaptureall.cloud/meeting/0b76adab-45fe-4990-ae52-40338d52750e
[16] Id., at 00:30:10.

jails.[17]  Defendant Franklin repeatedly interrupted her during her time to question whether she was on the agenda.

46.  On April 23, 2024, Ms. Bamburg attended the County Commissioners meeting to request that the Commissioners have a resolution to give forgiveness to some of the inmates in Smith County.[18]  Defendant Franklin cut her off and prevented her from speaking because she was not on the agenda.

47.  At the same meeting, Mr. Brewer attempted to speak about telecommunicators whose devices have been intruded upon without warrant. Defendant Franklin cut off Mr. Brewer and proclaimed himself "the one interpreting" what people can think about regarding an agenda item.[19] Defendant Lazarine forced him to stop speaking under threat of arrest.

48.  To prevent an excessively long complaint, Ms. Bamberg's speech was also suppressed during public comments by Defendants on May 21, 2024.

49.  Because of Defendants' prior restraint actions against free speech, Ms. Bamburg stopped going to Commissioner Court meetings because she fears being arrested and maliciously prosecuted like her friend Lance Phillips.

---

[17] See Smith County Commissioner Court Meeting, April 16, 2024, beginning at 00:03:24,
https://media.avcaptureall.cloud/meeting/e91cb556-84ee-4214-8eab-f9dd6080a5cc
[18] See Smith County Commissioner Court Meeting, April 23, 2024, beginning at 00:02:20,
https://media.avcaptureall.cloud/meeting/aa5483c6-19aa-4417-89ca-7b7b793609da
[19] Id., at 00:05:25.

50.  To prevent an excessively long complaint, Mr. Brewer's speech was also suppressed during public comments by Defendants on May 21, 2024 (Defendant Franklin even told Mr. Brewer that "we've heard your message before as if a citizen only has a right to complain once); June 18, 2024; September 3, 2024; and March 4, 2025.

51.  To prevent an excessively long complaint, Mr. Wright's speech was also suppressed during public comments by Defendants on May 6, 2025 and May 21, 2025.  On both dates, Defendant Lazarine began approaching Mr. Wright to force him to stop speaking under threat of arrest.

## FIRST CLAIM FOR RELIEF
### Violation of First Amendment Rights (against all defendants)

52.  Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53.  Defendants acted under color of state law.

54.  Defendants Neal Franklin, Matt Lazarine, and Larry R. Smith were acting in their official capacities as county officials during the events described in this complaint.

55.  Defendants were also acting in their personal capacities during the events described in this complaint.

56.  Other citizens were treated differently than Plaintiffs by allowing to continue speaking "off topic" because they did not criticize Defendants or

oppose agendas the way that Plaintiffs did.  Additionally, Defendants did not uniformly enforce the rules even as applied to Plaintiffs.

57. Defendants deprived Plaintiffs of rights secured by the Constitution or laws of the United States and of the State of Texas.

58.  Defendants repeatedly censored Plaintiffs' speech during public comment periods at Smith County Commissioners Court meetings.

59.  Defendants intimidated Plaintiffs by surrounding them with officers and threatening him with arrest for exercising his right to free speech.

60.  Defendants' actions violated Plaintiffs' clearly established First Amendment rights to free speech and to petition the government for redress of grievances.

61. As a direct and proximate cause of Defendants' actions, Plaintiffs' rights were violated, and he suffered damages to his liberty and freedom of movement.

## SECOND CLAIM FOR RELIEF
### (FAILURE TO SUPERVISE, 18 U.S.C. 1983)

1.   Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

2.   Defendants acted under color of state law.

3.   Defendants County, Lazarine, and Smith were acting in their official capacities as county officials during the events described in this complaint.

4.   Defendants were also acting in their personal capacities during the events described in this complaint.

5.   Defendants Smith and Lazarine were supervisors within the Smith County Sheriff's Office.

6.   Defendant Smith, as the Smith County Sheriff, is the highest-ranking law enforcement official in the county and is responsible for the supervision and training of all deputies and officers within the Sheriff's Office.

7.   Defendant Lazarine, as a Lieutenant in the Smith County Sheriff's Office, is responsible for the direct supervision of deputies under his command.

8.  Defendants Smith and Lazarine acted under color of state law in their capacities as law enforcement officials.

9.   At all relevant times, Defendants Smith and Lazarine were acting in their official capacities as employees of Smith County, Texas.

10.  Defendants Smith and Lazarine failed to adequately supervise their subordinates in respecting citizens' First Amendment rights during public meetings.

11.  This failure to supervise caused the deprivation of Plaintiffs' First Amendment rights during multiple Smith County Commissioners Court meetings.

12.  Specifically, Plaintiffs were repeatedly prevented from speaking, interrupted, or threatened with arrest while attempting to exercise their right to free speech during public comment periods.

13.  Defendants Smith's and Lazarine's failure to supervise amounts to deliberate indifference to the rights of persons with whom their subordinates come into contact.

**THIRD CLAIM FOR RELIEF**
**(Ninth Amendment,**
**UNEMUERATED RIGHTS, 18 U.S.C. 1983)**

1.  Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

2.  Defendants acted under color of state law.

3.  Defendants Smith County, Lazarine, and Smith were acting in their official capacities as county officials during the events described in this complaint.

4.  Defendants were also acting in their personal capacities during the events described in this complaint.

5.  Plaintiffs have a liberty interest in attending County Commissioner Court meetings for the purpose of holding his government accountable and being informed on how government is acting on his behalf.

6.  The Constitution guarantees certain fundamental rights not specifically enumerated.  Plaintiff's right to engage in lawful, peaceful conduct and political participation without harassment is part of these protected liberties.

7.  As a direct and proximate cause of Defendants' actions, Plaintiffs' right to discuss non-agenda items were violated and they suffered damages to their unenumerated rights.

**FOURTH CLAIM FOR RELIEF**
**(Conspiracy to Violate Rights,**
**18 U.S.C. 1985)**

14.  Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

15.  Defendants acted under color of state law.

16.  Defendants Smith County, Lazarine, and Smith were acting in their official capacities as county officials during the events described in this complaint.

17.  Defendants were also acting in their personal capacities during the events described in this complaint.

8.  Defendants conspired to violate Plaintiffs' rights incorporated in the previous paragraphs.

9.  Defendants conspired with each other to pass and enforce the unlawful policy.

10.  Defendant Franklin conspired with Defendants Smith and Lazarine to violate Plaintiffs' rights and threaten to have them arrested for engaging in constitutionally protected activities.

11.  As a direct and proximate cause of Defendants' actions, Plaintiffs' rights were violated and they suffered damages to their constitutionally protected rights.

## *MONELL* LIABILITY

12.  Defendant County created a written and unwritten policy called "Ruled of Decorum" to silence the speech of critics.

13.  Defendants' enforcement actions demonstrate a policy, practice, or custom to retaliate against Plaintiffs for engaging in their protected activities.

14.  Defendants' actions and inactions constitute an impermissible policy, practice, or custom that deprived Plaintiffs of their right to be free from retaliation for protected conduct.

15.  At all relevant times, Plaintiffs had a clearly established right to be free from unlawful policies, practices, and customs, as well as a right to be free of unlawful seizures.

16.  Defendant County was aware of the other Defendants' retaliatory conduct and did nothing to prevent it.  Defendant County showed a deliberate indifference to the constitutional rights of Plaintiffs.

17.  Defendant County showed a deliberate indifference and ratified Defendants' conduct.

18.  As a direct and proximate result of Defendant County's unlawful actions, Plaintiffs were harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A)  A Declaration that Defendants' conduct, policies, practices, and custom, written or unwritten, that allow for warrantless searches, retaliatory detentions, negligent training that allow for retaliation against citizens for exercising their Constitutional rights, violate the United States Constitution;

B) Injunctive relief barring Defendants' conduct in the future and from maintaining their policies, practices, and custom of warrantless seizures, retaliatory actions, and negligent training that allow for retaliation against citizens for exercising their Constitutional rights, which is in violation of 42 U.S.C. § § 1983 and 1985;

C) Nominal Damages for retaliation, unlawful restraint, and violations of his constitutionally protected rights by Defendants for Plaintiffs' exercise of their constitutionally protected rights, as the Court finds appropriate, from one or more Defendants;

D) Punitive Damages from one or more Defendants in the amount of $450,000;

E) Pre-judgment and post-judgment interest from one or more Defendants;

F)  Reasonable attorney's fees and costs of this action; and

G) Any such other relief as appears just and proper.

Respectfully submitted,

LAW OFFICES OF CJ GRISHAM, PLLC

CJ Grisham
Texas State Bar no. 24124533
cj@cjgrisham.com
3809 S. General Bruce Dr.
Suite 103-101
Temple, Texas 76504
P:  254-405-1726

*Attorney for Plaintiffs*